

1  DAVID T. DIBIASE (Bar No. 56883)
      dtd@amclaw.com
2  DAVID J. BILLINGS (Bar No. 175383)
      djb@amclaw.com
3  ANDERSON, McPHARLIN & CONNERS LLP
   Thirty-First Floor
4  444 South Flower Street
   Los Angeles, California 90071-2901
5  TELEPHONE: (213) 688-0080 ♦ FACSIMILE: (213) 622-7594

6  Attorneys for Defendants GULF UNDERWRITERS INSURANCE
   COMPANY, THE TRAVELERS INDEMNITY COMPANY, on its behalf
7  and as successor in interest by merger to GULF INSURANCE
   COMPANY, and THE TRAVELERS COMPANIES, INC., erroneously
8  named as defendant "THE TRAVELER'S COMPANY INC."

9              UNITED STATES DISTRICT COURT

10    NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

11

12  ELWYN PATOC; ERIC PATOC;              C08   01893
    ELVY PATOC; EDWARD PATOC,
13                                        NOTICE OF REMOVAL
          Plaintiffs,
14
          vs.
15
    LEXINGTON INSURANCE
16  COMPANY; GULF
    UNDERWRITERS INSURANCE
17  COMPANY; GULF INSURANCE
    COMPANY; THE TRAVELER'S
18  COMPANY, INC.; THE TRAVELER'S
    INDEMNITY COMPANY; and
19  DOES 1 – 100,

20        Defendants.

21

22  TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT

23  COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND THE

24  PLAINTIFFS HEREIN:

25        PLEASE TAKE NOTICE that defendants GULF UNDERWRITERS

26  INSURANCE COMPANY ("GULF"), THE TRAVELERS COMPANIES, INC.

27  erroneously sued herein as THE TRAVELER'S COMPANY, INC. ("THE

28  TRAVELERS COMPANIES") and THE TRAVELERS INDEMNITY COMPANY,

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071-2901
TEL. (213) 688-0080 • Fax (213) 622-7594

673411.1 2985.421

NOTICE OF REMOVAL



FILED
E-FILING
2008 APR -9 A 11: 03
RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.
ADR

1    on its behalf and as successor in interest by merger to Gulf Insurance Company,

2    ("TRAVELERS"), (collectively referred to herein as "the Removing Defendants"),

3    by their undersigned attorneys, hereby remove to this Court the State Court Action

4    based on diversity jurisdiction as follows:

5         1.    On February 6, 2008, an action was commenced in the Superior Court

6    of the State of California, County of Monterey, Case No. M98054, entitled *Elwyn*

7    *Patoc, Eric Patoc, Elvy Patoc, Edward Patoc v. Lexington Insurance Company,*

8    *Gulf Underwriters Insurance Company, Gulf Insurance Company, The Traveler's*

9    *company, Inc., The Traveler's Indemnity Company,* ("the State Court Action").

10   Attached hereto as **Exhibit "1"** is a true and correct copy of the Summons and

11   Complaint filed in the State Court Action.

12        2.    On March 11, 2008, defendant THE TRAVELERS COMPANIES was

13   first served with a copy of the Summons and Complaint in the State Court Action.

14   The Removing Defendants are informed and believe that defendant LEXINGTON

15   INSURANCE COMPANY was also first served on March 11, 2008. No defendant

16   was served with the Summons and Complaint in the State Court Action prior to

17   March 11, 2008.

18        3.    No proceedings have been held in the State Court Action. Exhibit 1

19   attached hereto, (the Summons and Complaint) consists of all the pleadings filed in

20   the State Court Action.

21        4.    The above-described action is a civil action of which this Court has

22   original jurisdiction under the provision of 28 U.S.C. Sections 1332 and 1441(b)

23   according to the following facts:

24            a.    Plaintiff, ELWYN PATOC was at the time of this action and still

25   is, an individual residing in the County of Monterey, California. Thus, Plaintiff,

26   ELWYN PATOC is a citizen of the State of California.

27            b.    Plaintiff, ERIC PATOC was at the time of this action and still is,

28   an individual residing in the County of Monterey, California. Thus, Plaintiff, ERIC

ANDERSON, MCPHARLIN & CONNERS LLP
LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071-2901
TEL (213) 688-0080 • FAX (213) 622-7594

1  PATOC is a citizen of the State of California.

2          c.      Plaintiff, EDWARD PATOC was at the time of this action and

3  still is, an individual residing in the County of Monterey, California. Thus, Plaintiff,

4  EDWARD PATOC is a citizen of the State of California.

5          d.      Plaintiff, ELVY PATOC, was at the time of this action and still

6  is, an individual residing in the County of Sacramento, California. Thus, Plaintiff,

7  ELVY PATOC is a citizen of the State of California.

8          e.      Defendant GULF UNDERWRITERS INSURANCE

9  COMPANY was at the time of this action and still is a corporation incorporated

10  under the laws of the State of Connecticut, with its principal place of business in

11  New York, New York. Thus, GULF UNDERWRITERS INSURANCE

12  COMPANY is a citizen of Connecticut and New York.

13          f.      Defendant THE TRAVELERS INDEMNITY COMPANY,

14  successor in interest by merger to Gulf Insurance Company, was at the time of this

15  action and still is a corporation incorporated under the laws of the State of

16  Connecticut, with its principal place of business in Hartford, Connecticut. Thus,

17  THE TRAVELERS INDEMNITY COMPANY is a citizen of Connecticut.

18          g.      Defendant THE TRAVELERS COMPANIES, INC., was at the

19  time of this action and still is a corporation incorporated under the laws of the State

20  of Minnesota, with its principal place of business in St. Paul, Minnesota. Thus,

21  THE TRAVELERS COMPANIES, INC. is a citizen of Minnesota.

22          h.      Defendant LEXINGTON INSURANCE COMPANY,

23  ("LEXINGTON") was at the time of this action and still is a corporation

24  incorporated under the laws of the State of Massachusetts , with its principal place

25  of business in Boston, Massachusetts. Thus, LEXINGTON is a citizen of

26  Massachusetts.

27          i.      None of the defendants are a citizen of California and the parties

28  are completely diverse. 28 U.S.C. §1332(a).

ANDERSON, MCPHARLIN & CONNERS LLP
LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071-2901
TEL (213) 688-0080 • FAX (213) 622-7594

j.      It is facially apparent from the Complaint that the amount in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000), for the following reasons:

(1)     The Complaint seeks damages for Breach of Contract, Breach of the Implied Covenant of Good Faith and Fair Dealing, Fraud, and pursuant to California Insurance Code Section 11580, (which these removing defendants deny), that as a result of the breach of contract they "have suffered damages under the policy in the amount of $1,000,000.00." See the Complaint attached hereto as Exhibit "1" at pg. 14, ¶ 59.

k.      The fictitious defendants and erroneously named defendants that are not legal entities named in the complaint are disregarded for purposes of assessing diversity of citizenship; and

l.      This action is therefore properly removable pursuant to 28 U.S.C. §1441(a).

5.      All defendants that have been served with the summons and complaint in the State Court Action have consented to this removal as set forth in the Consent to Removal filed concurrently herewith.

6.      The Removing Defendants will promptly file a copy of this removal with the Clerk of Superior Court for the State of California, County of Monterey.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071-2901
TEL (213) 688-0080 • FAX (213) 622-7594

1    WHEREFORE, defendants GULF, TRAVELERS and THE TRAVELERS

2  COMPANIES respectfully request that this Court assume jurisdiction over this case

3  and that the case proceed before this Court as an action properly removed.

4

5  DATED: April 8 2008                    ANDERSON, McPHARLIN & CONNERS LLP

6

7                                         By: _David J. Billings_____

   David T. DiBiase
8                                         David J. Billings
                                          Attorneys for Defendants GULF
9                                         UNDERWRITERS INSURANCE COMPANY,
                                          THE TRAVELERS INDEMNITY COMPANY,
10                                        on its behalf and as successor in interest by
                                          merger to GULF INSURANCE COMPANY,
11                                        and THE TRAVELERS COMPANIES, INC.,
                                          erroneously named as defendant "THE
12                                        TRAVELER'S COMPANY INC."

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071-2901
TEL (213) 688-0080 • FAX (213) 622-7594

SUM-100

## SUMMONS
### (CITACION JUDICIAL)

**FOR COURT USE ONLY**
**(SOLO PARA USO DE LA CORTE)**

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**
LEXINGTON INSURANCE COMPANY, GULF UNDERWRITERS INSURANCE
COMPANY, GULF INSURANCE COMPANY, THE TRAVELER'S COMPANY,
INC., THE TRAVELER'S INDEMNITY COMPANY and DOES 1-100

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**
ELWYN PATOC, ERIC PATOC, ELVY PATOC, EDWARD PATOC

**FILED**

FEB 0 6 2008

CONNIE MAZZEI
CLERK OF THE SUPERIOR COURT
DEIRDRE K. DINEEN DEPUTY

---

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.   A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case.  There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.  If you cannot pay the filing fee, ask the court clerk for a fee waiver form.  If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
   There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.
   Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| The name and address of the court is: | CASE NUMBER: |
|---|---|
| (El nombre y dirección de la corte es): | (Número del Caso): **M 89054** |

MONTEREY COUNTY SUPERIOR COURT
1200 Aguajito Road
Monterey, California 93940

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
BALL, HULBERT & ROBERTS    (626)793-2117
20 North Raymond Avenue, Suite 350, Pasadena, California 91103

| DATE: | FEB 0 6 2008 | CONNIE MAZZEI | Clerk, by | DEIRDRE K. DINEEN | , Deputy |
|---|---|---|---|---|---|
| (Fecha) | | | (Secretario) | | (Adjunto) |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☒ on behalf of (specify): *Travelers Insurance Companies*

   under: ☒ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)

   ☐ other (specify):
4. ☑ by personal delivery on (date):

[SEAL]

---

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Page 1 of 1

Code of Civil Procedure §§ 412.20, 465

*LexisNexis® Automated California Judicial Council Forms*

EXHIBIT 1
PAGE 6

1 │ BALL, HULBERT & ROBERTS
2 │ 20 North Raymond Avenue, Suite 150
   │ Pasadena, California 91103
3 │ Stephen C. Ball, Esq. – Bar No. 119463
   │ John A. Roberts, Esq. – Bar No. 185314
4 │ Telephone:    (626) 793-2117
   │ Facsimile:    (626) 793-3198
5 │ DENISE JARMAN – Bar No. 88650
   │ 102 E Street
6 │ Davis, California 95616
   │ Telephone:    (916) 607-5692
7 │ Facsimile:    (866) 715-4630
   │ Attorneys for Plaintiffs
8 │

**FILED**

FEB 0 6 2008

CONNIE MAZZEI
CLERK OF THE SUPERIOR COURT
DEIRDRE K. DINEEN DEPUTY

9 │         SUPERIOR COURT FOR THE STATE OF CALIFORNIA

10 │              FOR THE COUNTY OF MONTEREY

11 │ ELWYN PATOC, ERIC PATOC, ELVY )    CASE NO.:    **M89054**
12 │ PATOC, EDWARD PATOC            )
13 │                               )    COMPLAINT AND DEMAND FOR JURY
   │        Plaintiffs,            )    TRIAL:
14 │                               )
   │ v.                            )    1.    Direct Action under Insurance Code
15 │                               )          §11580
   │ LEXINGTON INSURANCE           )    2.    Bad Faith
16 │ COMPANY, GULF UNDERWRITERS     )    3.    Breach of Contract
   │ INSURANCE COMPANY, GULF        )
17 │ INSURANCE COMPANY, THE         )
   │ TRAVELER'S COMPANY, INC., THE  )
18 │ TRAVELER'S INDEMNITY           )
   │ COMPANY and DOES 1 – 100,      )
19 │                               )
   │        Defendants.            )
20 │

21 │      Plaintiffs allege:

22 │                              I.

23 │           **ALLEGATIONS AS TO ALL COUNTS**

24 │                        **The Parties**

25 │      **Plaintiffs**

26 │      1.    At all times relevant herein, plaintiffs ELWYN PATOC, ERIC PATOC,

27 │ EDWARD PATOC were residents of Monterey County, California. Plaintiff ELVY PATOC

28 │

─────────────────────────────────────

                              1

                *Complaint and Demand for Jury Trial*

                    EXHIBIT _____1_____
                    PAGE _____7_____

1  was a resident of Sacramento County, California. Plaintiffs are the children and heirs at law of

2  Mercedes Patoc.

3  **Defendants**

4      2.     Defendant Lexington Insurance Company is admitted as an insurer in the State

5  of California and, at all relevant times, was and is transacting the business of insurance in

6  California.

7      3.     Defendant Gulf Insurance Company and defendant Gulf Underwriters Insurance

8  Company were admitted carriers and were transacting the business of insurance in the State of

9  California at the time of the loss herein. Defendant the Travelers Companies, Inc. is a

10 corporation organized in the State of Minnesota. As a result of the merger between the St.

11 Paul Companies Inc. and Travelers Property Casualty Corporation, defendant The Travelers

12 Companies Inc. is the successor in interest to Gulf Insurance Company and Gulf Underwriters

13 Insurance Company. Defendant the Travelers Companies, Inc. controls, manages and operates

14 the runoff business of Gulf Insurance Company and Gulf Underwriters Insurance Company

15 through its Special Liability Group. On information and belief, plaintiffs allege that the

16 Travelers Companies Inc. adjusts the runoff claims of defendant Gulf Insurance Company and

17 defendant Gulf Underwriters Insurance Company through defendant the Travelers Indemnity

18 Company, an admitted California insurer.

19     4.     Plaintiffs are unaware of the true identity, nature and capacity of each of the

20 defendants designated herein as Does ONE through FIFTY inclusive. Plaintiffs are informed

21 and thereon allege that each of the defendants sued herein as Does ONE through FIFTY is in

22 some way responsible for the damages and injuries alleged in this complaint. Plaintiffs are

23 informed, believe and thereon allege that these Doe defendants include, but are not limited to,

24 officers, directors, managers of the named defendants, other entities transacting the business of

25 insurance in California, insurance agents, brokers, and underwriters or other insurance

26 personnel residing in California and/or transacting the business of insurance in California and

27

28

*Complaint and Demand for Jury Trial*

EXHIBIT 1
PAGE 8

1  with their principal place of business in California. Upon learning the true identity, nature,

2  capacity and legal responsibility of such Doe defendants, plaintiffs will amend this complaint.

3       6.     Each of the defendants named or sued as Doe defendants in this Complaint, were

4  the agents and employees of each of the co-defendants, and in doing the things hereinafter

5  alleged, were acting within the course and scope of such agency and employment and with the

6  permission and consent of their co-defendants.

7  ## JURISDICTION AND VENUE

8       7.     This civil action seeks compensatory damages under Insurance Code section

9  11580 and compensatory and punitive damages for bad faith breach of contract in excess of

10  the minimum jurisdiction of this court.

11       8.     Venue as to each defendant is proper in this judicial district pursuant to Code of

12  Civil Procedure sections 395(a) and 395.5. Each defendant either maintains an office,

13  transacts business, has an agent, or is found in the City and County of Monterey and is within

14  the jurisdiction of this Court for purposes of service of process. The acts alleged herein had a

15  direct effect on consumers within the State of California, and specifically, within the City and

16  County of Monterey.

17  ## CONSPIRACY

18       9.     Each defendant agreed with each of the other defendants to violate insurance

19  statutes and regulations, intentionally misrepresent, negligently misrepresent, conceal, defraud

20  and make false promises and commit bad faith.

21       10.     Each defendant acted in furtherance of that conspiracy when it performed the

22  acts as set forth in paragraphs 45 through 59 below.

23       11.     Plaintiffs have been harmed by the conspiracy because when plaintiffs suffered

24  a loss that was covered and not excluded by the policies, defendants wrongfully, unreasonably,

25  unfairly, deceitfully, and illegally and/or in bad faith denied plaintiffs' claim and refused to

26  investigate, defend or pay the benefits owed.

27       12.     Each defendant performed these acts in order to benefit themselves to retain the

28

*Complaint and Demand for Jury Trial*

EXHIBIT ___1___
PAGE ___9___

1  loss payments payable on the losses plaintiffs suffered.

2  ## AIDING AND ABETTING

3  13.    Each defendant aided and abetted each other defendant in breaching their

4  contracts, committing bad faith and violating California statutes and regulatory rules.  Each

5  defendant gave substantial assistance to the other, among other things, in wrongfully,

6  unreasonably, unfairly, deceitfully, illegally, and/or in bad faith, refusing to pay plaintiffs'

7  loss.

8  ## THE POLICIES

9  ### Gulf Insurance Company

10  14.    Pro Transportation Services, Inc. ("Pro Transportation") was the named insured

11  under a primary business automobile policy.  The Gulf Insurance Company policy insured Pro

12  Transportation for its liability arising out of its medical transport operations.  The policy

13  number is BA0340375-00 for the policy period from October 14, 2004 to October 15, 2005.  A

14  2002 Ford E350 Econolite passenger van, bearing California license plates 7C52655, was a

15  covered automobile under the terms of this policy.  This was an automobile liability policy

16  triggered by "an accident" resulting from the use of a covered automobile.  This policy had

17  "per accident" single limits of $500,000.  This policy did *not* contain any "per person" limits

18  limiting the maximum liability for all damages for bodily injury sustained by any one person

19  in any one automobile accident.  The policy set forth the premium which Pro Transportation

20  fully paid.

21  15.    Under this agreement, Defendant Gulf Insurance Company expressly promised

22  to pay all sums Pro Transportation became legally obligated to pay for liability arising out of

23  an accident resulting from the use of a covered automobile.  Notably, it is defendant's burden

24  to provide that an exclusion applies.  The policy promises:

25  > "We will pay all sums an "insured" legally must pay as

26  > damages to which this insurance applies, caused by an

27  > "accident" and resulting from the ownership,

28

*Complaint and Demand for Jury Trial*

EXHIBIT 1
PAGE 10

1    maintenance or use of a "covered" auto."

2    16.    The policy defines "insured" as including the named insured, Pro Transportation.

3    17.    The policy defines "accident" as including "repeated or continuous exposure to
4    the same conditions resulting in "bodily injury" or "property damage."

5    18.    The policy defines "bodily injury" as bodily injury, sickness or disease,
6    sustained by any person including death resulting from any of these.

7    19.    The policy defines "property damage" as damage to or loss of use of tangible,
8    physical property.

9    20.    Under this agreement, Defendant Gulf Insurance Company further expressly
10    promised to investigate the claim and defend Pro Transportation in any suit seeking damages
11    for bodily injury or property damage caused by an accident and resulting from the ownership,
12    maintenance or use of a covered auto.  The policy promises:

13    "We have the right and duty to defend the "insured" against a
14    "suit" asking for such damages. . . However, we have no duty to
15    defend any "insured against a "suit" seeking damages for "bodily
16    injury" or "property damage" . . . to which this insurance does not
17    apply.  We may investigate and settle any claim or "suit" as we
18    consider appropriate.  Our duty to defend or settle ends when the
19    Liability Coverage Limit of insurance has been exhausted by
20    payment of judgments or settlements."

21    21.    The policy defines "suit" as a civil proceeding including an arbitration
22    proceeding in which such damages are claimed . . . and to which the "insured" must submit or
23    does submit with defendant Gulf Insurance Company's consent.  The policy also defines "suit"
24    as a civil proceeding in which any other alternative dispute resolution proceeding in which
25    such damages . . . and to which the insured submits with Gulf Insurance Company's consent.

26    22.    Under this agreement, Defendant Gulf Insurance Company also expressly
27    promised to pay all reasonable expenses incurred by the "insured" at its request, including
28

5

*Complaint and Demand for Jury Trial*

EXHIBIT 1
PAGE 11

1 | actual loss of earnings up to $250 a day because of time off of work, all costs taxed against the
2 | "insured" in any "suit" against the "insured" it defends and all interest on the full amount of
3 | any judgment that accrues after entry of the judgment in any "suit" against the "insured" it
4 | defends.

5 | ### Gulf Underwriters Insurance Policy

6 | 23.    Pro Transportation was the named insured under an excess follow-form business
7 | automobile liability policy.  The policy number was GU0340523.  The policy period was from
8 | October 15, 2004 to October 15, 2005.  This business automobile liability policy was triggered
9 | by an accident caused by the use of a covered automobile.  This policy had "per accident"
10 | single limits of $500,000.00.  The policy did *not* contain any "per person" limits limiting the
11 | maximum liability for all damages for bodily injury sustained by any one person in any one
12 | automobile accident.  This policy was excess over the Gulf Insurance Policy primary limits of
13 | $500,000 per accident.  The policy set forth the premium which Pro Transportation fully paid.

14 | 24.    Under this excess follow-form Business Automobile policy, defendant Gulf
15 | Underwriters Insurance Company expressly promised to pay all losses covered under
16 | defendant Gulf Insurance Company's primary policy but which losses were in excess of Gulf
17 | Insurance Company's primary policy limits of $500,000.  Gulf Underwriters Insurance
18 | Company further expressly promised that it would follow all of the terms and conditions of the
19 | Gulf Insurance Company's.  As a result, defendant Gulf Underwriter's Insurance Company
20 | promised to pay on behalf of Pro Transportation all sums Pro Transportation became legally
21 | obligated to pay for liability in excess of $500,000 arising out of an accident resulting from the
22 | use of a covered automobile.  Notably, it is defendant's burden to provide that an exclusion
23 | applies.

24 | 25.    Under this excess follow-form Business Automobile policy defendant Gulf
25 | Underwriters Insurance Company further expressly promised to investigate and defend Pro
26 | Transportation in any suit seeking damages for bodily injury or property damage caused by an
27 | accident and resulting from the ownership, maintenance or use of a covered auto.  The policy
28 |

*Complaint and Demand for Jury Trial*

EXHIBIT____1____
PAGE____12____

1  promises:

2        We will have the right, but not the duty, to participate in the

3        defense of claims or suits against you seeking damages to

4        which this insurance may apply; however, we may, at our

5        discretion, investigate and settle any claim or suit. We will

6        have the right and duty to defend such claims or suits when

7        the total limit of insurance as outlined I in Section IIB of the

8        Declarations has been exhausted by payment of judgments,

9        settlements and any cost or expense subject to such limit. Our

10        right and duty to defend ends when the applicable limit shown

11        on the Declarations page has been used up by our payment of

12        judgments or settlements.

13  **The Lexington Insurance Policy**

14        26.    Pro Transportation was the named insured under an excess follow-form policy

15  with Lexington Insurance Company. This policy included both excess automobile liability

16  coverage as well as excess general liability coverage. The Lexington Insurance Company

17  policy number was 0290367. The policy period was from October 15, 2004 to October 15,

18  2005. The automobile liability coverage part was triggered by an accident resulting from the

19  use of a covered automobile. This automobile liability coverage had no "per accident" limits.

20  Moreover, this automobile liability coverage did *not* contain any "per person" limits limiting

21  the maximum liability for all damages for bodily injury sustained by any one person in any

22  one automobile accident. The automobile liability coverage part also had no aggregate limit of

23  liability for automobile liability. The Lexington Insurance automobile liability coverage was

24  excess over the Gulf Insurance Business Automobile primary policy's per accident limits of

25  $500,000 and the Gulf Underwriters Insurance Company excess automobile liability policy's

26  per accident limits of $500,000. The policy set forth the premium which Pro Transportation

27  fully paid.

28

---

7

EXHIBIT ___1___
PAGE ___13___

27.    Under Lexington Insurance Company's excess follow-form automobile liability coverage part, defendant Lexington Insurance Company expressly promised to pay that portion of the "loss" which the "insured" became legally obligated to pay as compensatory damages covered under defendant Gulf Insurance Company's primary automobile liability limits and defendant Gulf Underwriters Insurance Company excess follow form automobile liability limits but which losses were in excess of these underlying limits. Lexington Insurance Company further expressly promised that it would follow all of the terms and conditions of the Gulf Insurance Company's primary Business Automobile policy except as to the premium, the duty to investigate and defend, any renewal agreement, notice provisions and other provisions inconsistent with the express terms of the Lexington Insurance Company's policy including the limit of liability stated in section IC of the Declaration's page of Lexington Insurance Company's policy. As a result, defendant Lexington Insurance Company promised to pay on behalf of Pro Transportation all sums Pro Transportation became legally obligated to pay for liability in excess of $1,000,000 arising out of an accident resulting from the use of a covered automobile. Notably, it is defendant's burden to provide that an exclusion applies.

28.    The Lexington Insurance Company policy defines "loss" as the sum paid in settlement of losses for which the "Insured" is liable (after making certain deductions other than recoveries under the policies of underlying insurance.)

29.    The Lexington Insurance Company policy defined "Insured" as including the named insured, Pro Transportation.

30.    Under this excess follow form policy, Lexington Insurance Company further promised to investigate and defend claims resulting from "occurrences" not covered by any "underlying insurance" due to exhaustion of any aggregate limits by reason of payment. The Lexington Insurance Company expressly promised:

> We will defend any suit against the "Insured" alleging
>
> liability insured under the provisions of this policy and

8

*Complaint and Demand for Jury Trial*



EXHIBIT ___1___
PAGE ___14___

seeking recovery for damages on account thereof, even if

such suit is groundless, false or fraudulent, but we will have

the right to make such investigation and negotiation and

settlement of any "claims" or suits as may be deemed

expedient by us.

Defendant Lexington Insurance Company also had the right to defend in other instances and its policy section IIC provided:

[we] have the right and [shall] be given the opportunity

to be associated in the defense and trial of any such

claims, suits or proceedings relative to any occurrence

which, in our opinion, may create liability for us under

the terms of this policy.

31.    The policy defined "underlying insurance" as the total limits of all insurance including the underlying policy and/or any self-insured retentions excess of which this policy is written, whether recoverable or not recoverable.

32.    Under this excess follow-form policy, Defendant Lexington Insurance Company also expressly promised to pay all reasonable expenses incurred by the "insured" at its request, including actual loss of earnings up to $100 a day because of time off of work, and all interest on the full amount of any judgment that accrues after entry of the judgment in any "suit" against the "insured" it defends.

## PLAINTIFFS' LOSS

33.    California's wrongful death statute, confers a cause of action on the heirs of an injured person independent of that person's claim for personal injuries. *Brown v. Rahman* (1991) 231 Cal.App.3d 1458, 1460.

## THE UNDERLYING ACTION

34.    On or about March 16, 2005, plaintiffs' mother Mercedes Patoc was a passenger in a medical transport van owned and operated by Pro Transportation. The driver of the van,

9

*Complaint and Demand for Jury Trial*



EXHIBIT _____1_____
PAGE _____15_____

Delia Rodriguez, was a full-time employee of Pro Transportation and was driving the van within the course and scope of her employment with Pro Transportation.

35.     Rodriguez failed to properly secure Mercedes' wheelchair in the van and while the van was in motion, Mercedes fell over and struck her head.  She sustained a head injury for which she was hospitalized and underwent emergency surgery to save her life.

36.     On or about August 17, 2005, Mercedes filed a lawsuit in Monterey County Superior Court against Pro Transportation and Rodriguez by and through her son, plaintiff, Elywn Patoc acting under a durable power of attorney.  The lawsuit settled in December 2005 for the policy limits of each of Pro Transportation's insurers as follows:  Gulf Ins. Co. Commercial Auto - $500,000 limits; Gulf Underwriters Ins. Co. Excess Business Auto Policy - $500,000 limits; Lexington Ins. Co. Excess Liability Policy - $1,000,000 limits.  Pursuant to the settlement Mercedes dismissed her lawsuit with prejudice.

37.     On or about March 20, 2006, Mercedes Patoc died due to the injuries sustained in the March 16, 2005 accident.

38.     On or about June 30, 2006, Mercedes' heirs, plaintiffs herein, Elwyn Patoc, Eric Patoc, Elvy Patoc and Edward Patoc filed a wrongful death lawsuit against Pro Transportation, Rodriguez and MV Transportation Services (successor in interest to Pro Transportation).

39.     During the deposition of Pro Transportation's owner and operations manager, at a time when Gulf was providing a defense, Pro Transportation admitted that after investigating the accident they concluded that fault for the accident was due to operator error; i.e., Mercedes Patoc's fall was the fault of Pro Transportation employee Delia Rodriguez.

## THE DENIAL, WITHDRAWAL AND DENIAL OF A DEFENSE

40.     After being served with the wrongful death lawsuit, Pro Transportation gave notice to defendants Gulf Insurance Company, Gulf Underwriter's Insurance Company and Lexington Insurance Company of the claim and requested indemnity and a defense for the loss.

41.     Both Gulf insurers and Lexington each denied the claim.  Gulf Insurance

*Complaint and Demand for Jury Trial*

EXHIBIT ___1___
PAGE ___16___

1  Company provided a defense under a reservation of rights until May 2007 when the defense
2  was withdrawn.  On information and belief, plaintiffs' assignor made a demand on Lexington
3  Insurance Company to defend but it refused to defend Pro Transportation who then was left
4  without a defense.

### THE ABEYANCE, COVENANT NOT TO EXECUTE AND
### ASSIGNMENT OF RIGHTS

7    42.    Left without a defense and all defendants refusing to make any reasonable
8  settlement offer, with liability clear and damages potentially exceeding policy limits, Pro
9  Transportation entered into a reasonable settlement with the plaintiffs, in good faith, and then
10 assigned its action against its insurers for breach of its investigation, indemnity and defense
11 duties.

12    43.    Additionally, as Pro Transportation was a dissolved corporation, under the
13 California Corporations Code, Pro Transportation's shareholder and President Kelly Hubbard
14 faced personal exposure for any judgment against Pro Transportation.

15    44.    In September 2007, the parties entered into a written settlement agreement which
16 included a covenant not to execute, and an assignment of rights.  The parties thereafter
17 stipulated to judgment in the amount of $1,000,000.00 plus interest from the date of entry of
18 judgment.  The court entered judgment on stipulation on November 20, 2007.  Notice of Entry
19 of Judgment was filed on December 11, 2007.

### FIRST CAUSE OF ACTION
### INS. CODE SECTION 11580
#### (Against All Defendants)

45.    Paragraphs 1 through 44 are hereby incorporated by reference as if fully set forth
herein.

46.    Every policy delivered in this State that insures against liability for injury to
another person  is deemed to include a provision that whenever judgment is secured against
the insured in an action based upon bodily injury, death, or property damage, then an action

---

11

*Complaint and Demand for Jury Trial*


EXHIBIT ___1___
PAGE ___17___

1    may be brought against the insurer on the policy and subject to its terms and limitations, by

2    such judgment creditor to recover on the judgment.

3        47.    Plaintiffs are the judgment creditors of defendants' insured Pro Transportation.

4        48.    The judgment against Pro Transportation was entered in an action that was based

5    on the death of plaintiffs' mother.

6        49.    Plaintiffs bring this action to recover against defendant insurers on the policy

7    and subject to its terms and conditions.

8        WHEREFORE, plaintiffs pray as follows:

9        1.     For payment of the judgment;

10       2.     For interest on the judgment pursuant to the policies according to proof;

11       3.     For such other and further relief as the Court may deem just and proper.

12                          **SECOND CAUSE OF ACTION**

13                      **BAD FAITH BREACH OF CONTRACT**

14                            **(Against All Defendants)**

15       50.    Paragraphs 1 through 44 are hereby incorporated by reference as if fully set forth

16   herein.

17       51.    Defendants, and each of them, breached their insurance contracts, unfairly

18   interfered, withheld the benefits of the policies and failed to consider plaintiffs' interests at

19   least equal to their own by:

20           a.     Unreasonably and deceitfully misrepresenting policy benefits;

21           b.     Unreasonably and deceitfully denying plaintiffs' rights under the policies

22   and California statutes by failing to promptly and properly investigate plaintiffs' claim for

23   benefits under the policies;

24           c.     Unreasonably and deceitfully delaying benefits under the policies to

25   plaintiffs, at a time when defendants knew that the plaintiffs were entitled to such benefits

26   under the terms of the policy and California statutes knowing that if the benefits were not

27   promptly provided, plaintiffs would be further harmed;

28

---

12

*Complaint and Demand for Jury Trial*

EXHIBIT ___1___
PAGE ___18___

d.    Unreasonably and deceitfully delaying and denying payments to plaintiffs, knowing the plaintiffs' claim for policy benefits was valid;

e.    Unreasonably and deceitfully failing and refusing to give at least as much consideration to plaintiffs' interests and welfare in representing policy benefits, providing for policy benefits, investigating, accepting and paying plaintiffs' claim as it gave to its own interests.

52.    Plaintiffs are informed and believe and thereon allege that defendants have breached their duty of good faith and fair dealing owed to plaintiffs by other acts or omissions of which plaintiffs are presently unaware and which will be shown according to proof at the time of trial.

53.    As a proximate result of the aforementioned unreasonable and deceitful conduct of defendants, plaintiffs have suffered and will continue to suffer in the future, economic and other consequential damages, including emotional distress damages and physical injury, for a total amount to be shown at the time of trial.

54.    As a further proximate result of the unreasonable and deceitful conduct of defendants, and each of them, plaintiffs were compelled to retain legal counsel to obtain the benefits due under the Policies.  Therefore, defendants, and each of them, are liable to the plaintiffs for those attorneys' fees, witness fees and costs of litigation reasonably necessary and incurred by plaintiffs in order to obtain the policy benefits in a sum to be determined at the time of trial.

WHEREFORE plaintiffs pray as follows:

1.    For general, special and consequential damages according to proof;

2.    For exemplary damages according to proof;

3.    For reasonable attorney's fees and costs incurred in procuring the benefit of plaintiffs' and others subscribers' contract;

4.    Expenses of litigation according to proof;

5.    For interest according to proof; and

---

13

*Complaint and Demand for Jury Trial*



EXHIBIT ___
PAGE ___ 19

6.    For such other and further relief as the Court may deem just and proper.

## THIRD CAUSE OF ACTION

## BREACH OF CONTRACT

### (Against All Defendants)

55.    Paragraphs 1 through 44, 46 through 49, and 51 through 54 are hereby incorporated by reference as if fully set forth herein.

56.    Defendants, and each of them, issued an automobile liability policy to Pro Transportation. Each policy was entered into by plaintiffs' assignor and required payment of benefits within the jurisdiction of the above-entitled court for a total amount to be shown at the time of trial.

57.    Defendants, and each of them, contracted, in writing, with the plaintiffs' assignor and promised and agreed to provide services and benefits directly to Pro Transportation, which services and benefits were the defendants' obligation under the policies. These services and benefits included a defense to suits potentially covered by the policies and payment of judgments.

58.    Defendants, and each of them, breached the terms and provisions of this contract to provide coverage for automobile liability, by failing to defend Pro Transportation and by failing to pay the judgment in favor of Elwyn Patoc, Eric Patoc, Elvy Patoc and Edward Patoc against Pro Transportation.

59.    As a direct and proximate result of defendants' conduct and breach of their contractual obligations, plaintiffs and their assignor have suffered damages under the policy in the amount of $1,000,000.00 plus interest and other foreseeable and incidental damages according to proof, and in amounts to be determined at the time of trial.

WHEREFORE plaintiffs pray as follows:

1.    For general, special and consequential damages according to proof;

2.    Expenses of litigation according to proof;

3.    For interest according to proof; and

EXHIBIT 1
PAGE 20

1    4.    For such other and further relief as the Court may deem just and proper.

2

3    Dated: February ___, 2008                    By:    BALL, HULBERT & ROBERTS

4                                                        LAW OFFICES OF DENISE JARMEN

5

6

7                                                        JOHN A. ROBERTS

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

15

*Complaint and Demand for Jury Trial*

EXHIBIT ___
PAGE ___

JS 44 (Rev. 12/07) (cand rev 1-16-08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS

ELWYN PATOC; ERIC PATOC; ELVY PATOC; EDWARD PATOC

*E-FILING*

## DEFENDANTS

LEXINGTON INSURANCE COMPANY; GULF UNDERWRITERS INSURANCE COMPANY; (continued on attached sheet)

**(b)** County of Residence of First Listed Plaintiff (EXCEPT IN U.S. PLAINTIFF CASES)

County of Monterey, CA

County of Residence of First Listed Defendant (IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

See attached sheet.

*ADR*

Attorneys (If Known)

See attached sheet.

**C08  01893**

**PVT**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [X] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only) and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [X] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [X] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury — Med. Malpractice | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 365 Personal Injury — Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 | | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 630 Liquor Laws | **PROPERTY RIGHTS** | [ ] 450 Commerce |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | [ ] 640 R.R. & Truck | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 151 Medicare Act | | **PERSONAL PROPERTY** | [ ] 650 Airline Regs. | [ ] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 340 Marine | [ ] 370 Other Fraud | [ ] 660 Occupational Safety/Health | [ ] 840 Trademark | [ ] 480 Consumer Credit |
| | [ ] 345 Marine Product Liability | [ ] 371 Truth in Lending | [ ] 690 Other | | [ ] 490 Cable/Sat TV |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | [ ] 810 Selective Service |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 385 Property Damage Product Liability | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | | [ ] 720 Labor/Mgmt. Relations | [ ] 862 Black Lung (923) | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 195 Contract Product Liability | | | [ ] 730 Labor/Mgmt.Reporting & Disclosure Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| [ ] 196 Franchise | | | [ ] 740 Railway Labor Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 790 Other Labor Litigation | [ ] 865 RSI (405(g)) | [ ] 892 Economic Stabilization Act |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motions to Vacate Sentence | [ ] 791 Empl. Ret. Inc. Security Act | | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 442 Employment | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | [ ] 894 Energy Allocation Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 895 Freedom of Information Act |
| [ ] 240 Torts to Land | [ ] 444 Welfare | [ ] 535 Death Penalty | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 900Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 540 Mandamus & Other | **IMMIGRATION** | | |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | [ ] 550 Civil Rights | [ ] 462 Naturalization Application | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 440 Other Civil Rights | [ ] 555 Prison Condition | [ ] 463 Habeas Corpus - Alien Detainee | | |
| | | | [ ] 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- [ ] 1 Original Proceeding
- [X] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. Section 1332

Brief description of cause:
Breach of insurance contract; Bad faith

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
- DEMAND $
- CHECK YES only if demanded in complaint:
- JURY DEMAND: [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY

PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)

- [ ] SAN FRANCISCO/OAKLAND
- [X] SAN JOSE

DATE  4/8/08

SIGNATURE OF ATTORNEY OF RECORD
*David T. Billings*

JS 44 Reverse (Rev. 12/07)

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.    (a) Plaintiffs-Defendants. Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.    Jurisdiction. The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III.    Residence (citizenship) of Principal Parties. This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.    Nature of Suit. Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V.    Origin. Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

VI.    Cause of Action. Report the civil statute directly related to the cause of action and give a brief description of the cause. Do not cite jurisdictional statutes unless diversity.          Example:        U.S. Civil Statute: 47 USC 553
                                                Brief Description: Unauthorized reception of cable service

VII.    Requested in Complaint. Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.    Related Cases. This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

Date and Attorney Signature. Date and sign the civil cover sheet.

# CIVIL CASE COVER SHEET
# ATTACHMENT

## *ELWYN PATOC; et al. vs. LEXINGTON INSURANCE COMPANY; et al.*

*(continued from page 1)*

**DEFENDANTS:**

GULF INSURANCE COMPANY; THE TRAVELER'S COMPANY, INC.; THE
TRAVELER'S INDEMNITY COMPANY; and DOES 1 – 100

**PLAINTIFFS COUNSEL:**

John A. Roberts, Esq.
Stephen C. Ball, Esq.
BALL, HULBERT & ROBERTS
20 N. Raymond Ave., Suite 350
Pasadena, CA  91103
Telephone: (626) 793-2117
Facsimile:  (626) 793-3198
Email:  jroberts@pasadenalaw.com
Email:  sball@pasadenalaw.com

Denise Jarman, Esq.
102 E Street
Davis, CA  95616
Telephone: (916) 607-5692
Facsimile:  (866) 715-4630
Email:  jarmandenny@yahoo.com

## CIVIL CASE COVER SHEET
## ATTACHMENT

### *ELWYN PATOC; et al. vs. LEXINGTON INSURANCE COMPANY; et al.*

**DEFENDANTS COUNSEL:**

Counsel for Lexington Insurance Company
Kevin G. McCurdy, Esq.
McCURDY & FULLER, LLP
4300 Bohannon Drive, Suite 240
Menlo Park, CA  90425
Telephone: (650) 618-3500
Facsimile:  (650) 618-3599
Email:  kevin.mccurdy@mccurdylawyers.com

Counsel for Defendants GULF UNDERWRITERS INSURANCE COMPANY,
THE TRAVELERS INDEMNITY COMPANY, on its behalf and as successor in
interest by merger to GULF INSURANCE COMPANY, and THE TRAVELERS
COMPANIES, INC., erroneously named as defendant "THE TRAVELER'S
COMPANY INC."
David T. DiBiase, Esq.
David J. Billings, Esq.
ANDERSON, McPHARLIN & CONNERS LLP
444 South Flower Street, 31st Floor
Los Angeles, CA  90071-2901
Telephone: (213) 688-0080
Facsimile: (213) 622-7594
Email:  dtd@amclaw.com
Email:  djb@amclaw.com

675232.1

Page 4 of 4