KEVIN G. McCURDY (SBN 115083)
ELISABETH H. BAUM (SBN 183816)
McCURDY & FULLER LLP
4300 Bohannon Drive, Suite 240
Menlo Park, California 94025
Phone: (650) 618-3500
Fax: (650) 618-3599
E-mail: kevin.mccurdy@mccurdylawyers.com
E-mail: elisabeth.baum@mccurdylawyers.com

Attorneys for Defendant
LEXINGTON INSURANCE COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| ELWYN PATOC, ERIC PATOC, ELVY PATOC, EDWARD PATOC,<br><br>Plaintiffs,<br><br>vs.<br><br>LEXINGTON INSURANCE COMPANY, GULF UNDERWRITERS INSURANCE COMPNAY, GULF INSURANCE COMPANY, THE TRAVELER'S COMPANY, INC., THE TRAVELER'S INDEMNITY COMPANY and DOES 1-100,<br><br>Defendants. | Case No.: C08 01893 RMW<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF LEXINGTON INSURANCE COMPANY'S MOTION TO DISMISS PURSUANT TO F.R.C.P. RULE 12(b)(6)**<br><br>Date:  May 23, 2008<br>Time:  9:00 a.m.<br>Ctrm:  6, 4th Floor<br>Judge: Ronald M. Whyte |

**I.**

**INTRODUCTION**

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, defendant Lexington Insurance Company ("Lexington") requests that the Court dismiss the complaint of plaintiffs Elwyn Patoc, Eric Patoc, Elvy Patoc and Edward Patoc for failure to state a claim upon which relief may be granted. This matter arises out of a stipulated judgment of $1 million in an underlying wrongful death action after Lexington and the other defendant insurers allegedly denied a defense. Plaintiffs now seek coverage under defendants' insurance policies for the stipulated

27764

- 1 -

**Memorandum of Points and Authorities in Support of Lexington Insurance Company's Motion to Dismiss Pursuant to F.R.C.P. Rule 12(b)(6)**

judgment.

Plaintiffs cannot state a claim against Lexington for two reasons. Plaintiffs allege Lexington paid its $1 million limit of liability to settle a personal injury action brought by plaintiffs' decedent and arising out of the same incident that allegedly caused the death of plaintiffs' decedent. Since Lexington admittedly paid its policy limit for the occurrence that allegedly injured and killed plaintiffs' decedent, Lexington has no further obligation under its policy.

In addition, plaintiffs allege Lexington's policy is excess of underlying coverage with a total of $1 million in policy limits. Plaintiffs allege those underlying policies cover the stipulated judgment. The stipulated judgment is in the amount of $1 million, which is not sufficient to reach Lexington's policy. Therefore, plaintiffs' complaint fails because they do not allege a loss in excess of the underlying policy limits of $1 million.

## II.

## FACTUAL BACKGROUND[1]

This case arises out of the March 16, 2005 personal injury of Mercedes Patoc, which was allegedly caused by the negligence of Pro Transportation, Inc. and its driver. The defendant insurers, including Lexington, insured Pro Transportation. (RJN, Ex. A.)

### A. Underlying Personal Injury Matter

On March 16, 2005, Mercedes Patoc was a passenger in a medical transport van owned and operated by Pro Transportation. (RJN, Ex. A, ¶ 34.) The driver of the van failed to properly secure Ms. Patoc's wheelchair while the van was in motion. (*Id.*, ¶¶ 34-35.) Ms. Patoc fell over and struck her head. She sustained head injuries, underwent surgery and was hospitalized. (*Id.,* ¶ 35.)

On August 17, 2005, Ms. Patoc, by and through her durable power of attorney and son, Elwyn Patoc, also a plaintiff in this action, filed a personal injury lawsuit against Pro Transportation and its driver in Monterey County Superior Court. (*Id.*, ¶ 36.) The lawsuit settled

---

[1] The following facts are based on the allegations of plaintiffs' complaint (RJN, Ex. A.)

27764

- 2 -

**Memorandum of Points and Authorities in Support of Lexington Insurance Company's Motion to Dismiss Pursuant to F.R.C.P. Rule 12(b)(6)**

McCURDY & FULLER LLP
4300 Bohannon Drive, Suite 240
Menlo Park, CA 94025
(650) 618-3500

1 for a total of $2 million in December 2005.  (*Id.*)  The complaint alleges the settlement was funded
2 by each of the defendant insurers paying their "policy limits" as follows:  (1) Gulf Insurance Co.
3 Commercial Auto Policy: $500,000 limits; (2) Gulf Underwriters Insurance Company Excess
4 Business Auto Policy: $500,000 limits; and (3) Lexington Insurance Company Excess Liability
5 Policy: $1,000,000 limits.  (*Id.*)  Pursuant to the settlement, Ms. Patoc dismissed her lawsuit as to
6 all parties with prejudice.  (*Id.*)

### B. Underlying Wrongful Death Claim

On June 30, 2006, Ms. Patoc's children and heirs (Elwyn, Eric, Elvy and Edward Patoc) filed a wrongful death lawsuit against Pro Transportation, the driver of the van, Delia Rodriguez, and MV Transportation Services (alleged successor-in-interest to Pro Transportation), alleging the March 15, 2005 incident described above that formed the basis for the personal injury action ultimately caused Ms. Patoc's death.  (*Id.*, ¶¶ 37-38.)  After being served with the wrongful death lawsuit, Pro Transportation gave notice of the claim to defendants Gulf Insurance Company, Gulf Underwriters Insurance Company and Lexington and requested indemnity and a defense for the alleged loss.  (*Id.*, ¶ 40.)  The Gulf insurers and Lexington allegedly denied coverage for the wrongful death claim.  (*Id.*, ¶ 41.)

In September 2007, plaintiffs and Pro Transportation entered into a written settlement agreement which included a covenant not to execute and an assignment by Pro Transportation to plaintiffs of any rights Pro Transportation had against its insurers.  (*Id.*, ¶ 44.)  The parties thereafter stipulated to judgment in the amount of $1,000,000.  (*Id.*)  The court entered judgment on stipulation on November 20, 2007 and Notice of Entry of Judgment was filed on December 11, 2007.  (*Id.*)

### C. The Coverage Lawsuit

Plaintiffs filed this action on February 8, 2008 in Monterey County Superior Court.  (*Id.*, Ex. A.)  On April 8, 2008 the matter was removed to this Court.  The complaint alleges that as a

27764                                                  - 3 -
**Memorandum of Points and Authorities in Support of Lexington Insurance Company's Motion to Dismiss Pursuant to F.R.C.P. Rule 12(b)(6)**

consequence of defendants' purportedly tortuous failure to defend the wrongful death action, Pro Transportation was left without a defense. (*Id.*, ¶ 42.) As a result, Pro Transportation entered into what plaintiffs claim was a "reasonable settlement with plaintiffs, in good faith." (*Id.*) Plaintiffs now seek to recover the amount of the stipulated judgment from defendants. (*Id.*, ¶¶ 44.)

The complaint alleges Pro Transportation was the named insured under Gulf Insurance Company's primary business automobile policy, which had a per accident limit of liability of $500,000. (*Id.*, ¶ 14.) The complaint alleges Pro Transportation was the named insured under an excess follow-form automobile liability policy issued by Gulf Underwriters with a per accident limit of liability of $500,000. (*Id.*, ¶ 23.) Finally, the complaint alleges Pro Transportation was the named insured under an excess follow-form policy issued by Lexington, which was excess over the Gulf business auto policy and the Gulf Underwriters excess automobile liability policy, and which had a limit of liability of $1,000,000. (*Id.*, ¶ 26.) Plaintiffs specifically allege Lexington's policy only applies to sums in excess of $1 million for which the insured becomes legally liable. (*Id.*, ¶ 27.)

### III.

### ARGUMENT

Federal Rule of Civil Procedure 12(b)(6) provides that a motion to dismiss may be granted if the facts pleaded do not support a valid claim for relief. *Neitzke v. Williams* (1989) 490 U.S. 319, 328-329, 109 S.Ct. 1827, 1833. Whether facts supporting a "claim for relief" have been sufficiently pleaded depends on whether the set of facts alleged by the plaintiffs, if established, give rise to one or more enforceable legal rights. *Goldstein v. North Jersey Trust Co.* (S.D.N.Y. 1966) 39 363, 366. In addition, "the court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network* (9th Cir. 1994) 18 F.3d 752, 754.

**A.   Lexington Already Paid Its Policy Limit And Therefore, Has No Further Obligation**

Plaintiffs admit that Lexington paid its policy limit in settlement of Ms. Patoc's underlying personal injury action. (RJN, Ex. A, ¶ 36.) There are no allegations to the contrary. As such,

- 4 -

27764

**Memorandum of Points and Authorities in Support of Lexington Insurance Company's Motion to Dismiss Pursuant to F.R.C.P. Rule 12(b)(6)**

Lexington can have no further obligation to provide coverage for the wrongful death action, which admittedly arises out of the same incident as the personal injury action. (*Id.*, ¶¶ 34-38.)

California law provides that an insured's judgment creditor may proceed directly against any liability insurance covering the debtor and obtain satisfaction of the judgment <u>up to the amount of the policy limits</u>. *Reliance Ins. Co. v. Superior Court* (2000) 84 Cal.App.4th 383, 386. Under the express terms of section 11580(b)(2), the judgment creditor's action against the insurer is subject to the terms and conditions of the policy. The insurer may assert as defenses to the judgment creditor's action whatever defenses it could assert to an action by its insured. *Shafer v. Berger, Kahn, Shafton, Moss, Figler, Simon & Gladestone* (2003) 107 Cal.App.4th 54, 68.

Since plaintiffs acknowledge Lexington paid its policy limit to settle the personal injury action, Lexington has no further obligation under its policy with respect to the wrongful death action. (RJN, Ex. A, ¶ 36.) An insurer has no further obligation to its insured once it has paid the full limit of its policy in settlement of claims against the insured. *Safeco Insurance Co. of America v. Fireman's Fund Ins. Co.* (2007) 148 Cal.App.4th 620, 638; *Armstrong World Industries, Inc. v. Aetna Casualty & Surety Co.* (1996) 45 Cal.App.4th 1, 105; Cal. Practice Guide, Insurance Litigation, § 12:205 (Insurer's obligation is to indemnify the insured up to the policy limit). The fact that a second action has been filed is irrelevant as plaintiffs acknowledge it arises out of the same incident as the first action. (RJN, Ex. A, ¶¶ 34-38.) Plaintiffs do not allege any facts suggesting that the new action would require Lexington to pay beyond its limit of liability.[2] Such an argument would make no sense as it would render Lexington's policy *limit* illusory.

**B.  Plaintiffs Fail To Allege A Loss In Excess Of $1 Million Or Exhaustion Of Underlying Coverage**

Even assuming Lexington could be required to pay more than one limit of liability for a single accident, plaintiffs still fail to allege facts sufficient to support a cause of action against

---

[2] Plaintiffs' complaint also is defective because they do not attach a copy of the Lexington policy nor do they quote the Lexington policy language relating to the limit of liability. *Roddenberry v. Roddenberry* (1996) 44 Cal.App.4th 634, 654; *Otworth v. Southern Pacific Transportation Co.* (1985) 166 Cal.App.3d 452, 459. Although they acknowledge the Lexington policy has a $1 million limit and Lexington paid that limit to settle the personal injury action, plaintiffs do not allege any policy language regarding the operation of the limit of liability that supports their apparent effort to require Lexington to pay another limit. (Complaint, ¶¶ 26-27, 36.)

27764

- 5 -

Lexington. Plaintiffs allege Lexington's policy is excess of $1 million in limits provided by the underlying Gulf policies. (RJN, Ex. A, ¶¶ 26 - 27.) Thus, the stipulated judgment does not trigger coverage under Lexington's policy because it does not exceed Lexington's $1,000,000 attachment point. (*Id.*, ¶¶ 26, 44.)

In addition, it is well established in California that primary insurance must be exhausted before an excess insurer has an obligation to provide coverage. See *Padilla Const. Co., Inc. v. Transportation Ins. Co* (2007) 150 Cal.App. 4th 989, 986; *Community Redevelopment Agency v. Aetna Casualty & Surety Co.* (1996) 50 Cal.App.4th 329, 339. Plaintiffs do not allege exhaustion of the underlying Gulf policies, and, in fact, allege those policies should provide coverage for the stipulated judgment.[3] (*Id.*) Since plaintiffs do not allege a covered loss exceeding $1 million and do not allege exhaustion of underlying coverage, they cannot state a claim against Lexington.

### C. Plaintiffs Cannot Assert A Bad Faith Claim

Since no coverage exists under the Lexington excess policy for the amount of the stipulated judgment in the wrongful death matter, there can be no claim for breach of the implied covenant of good faith and fair dealing. Here, there were no benefits due or withheld because no coverage existed. With no coverage, there is no "bad faith" liability. *Love v. Fire Insurance Exchange* 221 Cal.App.3d 1136, 1151-1153.

///
///
///
///
///
///
///
///

---

[3] Lexington does not suggest the underlying Gulf policies would be required to pay another limit of liability. However, for purposes of this motion to dismiss, Lexington must assume the truth of plaintiffs' allegation that the underlying policies provide coverage for the stipulated judgment.

27764

- 6 -

**Memorandum of Points and Authorities in Support of Lexington Insurance Company's Motion to Dismiss Pursuant to F.R.C.P. Rule 12(b)(6)**

## IV.

## CONCLUSION

Plaintiffs fail to state any claims for which Lexington could be liable. As such, and for all the foregoing reasons, the Court should dismiss Plaintiffs' complaint with prejudice and enter judgment in favor of Lexington.

Dated: April 15, 2008                                McCURDY & FULLER LLP


*/Kevin G. McCurdy/*
KEVIN G. McCURDY
ELISABETH H. BAUM
Attorneys for Defendant
LEXINGTON INSURANCE COMPANY

McCURDY & FULLER LLP
4300 Bohannon Drive, Suite 240
Menlo Park, CA  94025
(650) 618-3500

27764

- 7 -

**Memorandum of Points and Authorities in Support of Lexington Insurance Company's Motion to Dismiss Pursuant to F.R.C.P. Rule 12(b)(6)**

KEVIN G. McCURDY (SBN 115083)
ELISABETH H. BAUM (SBN 183816)
McCURDY & FULLER LLP
4300 Bohannon Drive, Suite 240
Menlo Park, California 94025
Phone: (650) 618-3500
Fax: (650) 618-3599
E-mail: kevin.mccurdy@mccurdylawyers.com
E-mail: elisabeth.baum@mccurdylawyers.com

Attorneys for Defendant
LEXINGTON INSURANCE COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| ELWYN PATOC, ERIC PATOC, ELVY PATOC, EDWARD PATOC,<br><br>Plaintiffs,<br><br>vs.<br><br>LEXINGTON INSURANCE COMPANY, GULF UNDERWRITERS INSURANCE COMPANY, GULF INSURANCE COMPANY, THE TRAVELER'S COMPANY, INC., THE TRAVELER'S INDEMNITY COMPANY; and DOES 1-100,<br><br>Defendants. | Case No.: C08 01893 RMW<br><br>**[PROPOSED] ORDER GRANTING DEFENDANT LEXINGTON INSURANCE COMPANY'S MOTION TO DISMISS**<br><br>**Date:** May 23, 2008<br>**Time:** 9:00 a.m.<br>**Ctrm:** 6, 4th Floor<br>**Judge:** Ronald M. Whyte |

The Court having considered the arguments of counsel and all papers submitted in connection with the motion to dismiss and good cause appearing therefore:

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court finds that plaintiffs in the above-referenced action have failed to state a claim upon which relief may be granted.

/ / /

/ / /

/ / /

27917                                      - 1 -

**[Proposed] Order Granting Lexington Insurance Company's Motion To Dismiss**
**CV08 01893 PVT**

1     Therefore, the Court GRANTS Lexington Insurance Company's motion to dismiss with prejudice plaintiffs' complaint.

DATED**:** _____, 2008          _____
                                                    HONORABLE RONALD M. WHYTE

McCURDY & FULLER LLP
4300 Bohannon Drive, Suite 240
Menlo Park, CA 94025
(650) 618-3500