**DAVID T. DIBIASE** (Bar No. 56883)
  dtd@amclaw.com
**DAVID J. BILLINGS** (Bar No. 175383)
  djb@amclaw.com
**ANDERSON, McPHARLIN & CONNERS LLP**
**Thirty-First Floor**
**444 South Flower Street**
**Los Angeles, California  90071-2901**
**TELEPHONE: (213) 688-0080 ♦ FACSIMILE: (213) 622-7594**

**Attorneys for Defendants GULF UNDERWRITERS INSURANCE COMPANY, THE TRAVELERS INDEMNITY COMPANY, on its behalf and as successor in interest by merger to GULF INSURANCE COMPANY, and THE TRAVELERS COMPANIES, INC., erroneously named as defendant "THE TRAVELER'S COMPANY INC."**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| ELWYN PATOC, ERIC PATOC, ELVY PATOC, EDWARD PATOC,<br><br>Plaintiffs,<br><br>vs.<br><br>LEXINGTON INSURANCE COMPANY, GULF UNDERWRITERS INSURANCE COMPANY, GULF INSURANCE COMPANY, THE TRAVELER'S COMPANY, INC., THE TRAVELER'S INDEMNITY COMPANY and DOES 1 - 100,<br><br>Defendants. | Case No. C08 01893 RMW<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT AGAINST DEFENDANTS GULF UNDERWRITERS INSURANCE COMPANY, THE TRAVELERS INDEMNITY COMPANY AND THE TRAVELERS COMPANIES, INC.**<br><br>*(Filed concurrently with Request for Judicial Notice and [Proposed] Order)*<br><br>Date: May 23, 2008<br>Time: 9:00 a.m.<br>Place: Courtroom 6 |

**TO ALL PARITIES HEREIN AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT:**

Defendants Gulf Underwriters Insurance Company ("Gulf Underwriters"), The Travelers Indemnity Company, on behalf of itself and as successor in interest by merger to Gulf Insurance Company ("Travelers"), and The Travelers Companies, Inc. ("The Travelers Companies"), erroneously named herein as The Traveler's Company, Inc. move, pursuant to Rule 12(b)(6) of the Federal Rules of Civil

1  Procedure, to dismiss the lawsuit brought by plaintiffs Elwyn Patoc, Eric Patoc,
2  Elvy Patoc, Edward Patoc ("Plaintiffs") against Gulf Underwriters, Travelers and
3  The Travelers Companies for failure to state a claim upon which relief can be
4  granted because the limits of liability of the insurance contracts at issue have already
5  been exhausted.  Additionally, Plaintiffs have stated no claim against The Travelers
6  Companies because this entity did not issue any of the insurance contracts.
7      This motion is made following the meet and confer conference of counsel that
8  took place on April 9, 2008.

10  DATED: April 15, 2008          ANDERSON, McPHARLIN & CONNERS LLP

12              By: /s/ David J. Billings
                    David T. DiBiase
13                  David J. Billings
            Attorneys for Defendants GULF
14          UNDERWRITERS INSURANCE COMPANY,
            THE TRAVELERS INDEMNITY COMPANY,
15          on its behalf and as successor in interest by
            merger to GULF INSURANCE COMPANY,
16          and THE TRAVELERS COMPANIES, INC.,
            erroneously named as defendant "THE
17          TRAVELER'S COMPANY INC."

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071-2901
TEL (213) 688-0080 • FAX (213) 622-7594

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

The Plaintiffs cannot prevail on their claim for insurance benefits under the insurance policies issued by Gulf Insurance Company and Gulf Underwriters Insurance Company because the Policy Limits were exhausted in settlement of a lawsuit filed by Plaintiffs' now deceased mother, Mercedes Patoc.

## II. STATEMENT OF FACTS

### A. The Policies

Pro Transportation Services, Inc. ("Pro Transportation") was insured under three policies.[1]  The primary layer was a commercial automobile policy issued by Gulf Insurance Company, Policy No. BA0340375-00 bearing *a liability limit of $500,000* for any one accident or loss (the "Primary Policy").  (A copy of the Primary Policy is attached as Exhibit 1 to Travelers' Request for Judicial Notice filed concurrently herewith.)[2]  The Primary Policy incepted October 15, 2004 and terminated October 15, 2006.

Gulf Underwriters wrote an excess liability policy, Policy No. GU0340523, providing an additional $500,000 of indemnity per accident (the "1st Excess Policy").  (A copy of the 1st Excess Policy is attached as Exhibit 2 to RFJN.)  The

---

[1] For the purposes of this Motion to Dismiss, only the primary and first excess layer policies are at relevant.

[2] Although the Complaint identifies the insurance policies it does not attach a copy or set forth all the terms of the insurance policies.  Thus, the moving parties request that the Court take judicial notice of these documents as attached respectively as Exhibits "1" and "2" to RFJN.  (The term "RFJN" shall mean and refer to the Request for Judicial notice filed concurrently herewith.)  Documents referenced in the Complaint may be considered by the Court in ruling on a motion to dismiss pursuant to FRCP 12(b)(6) even if the documents are not attached to the complaint.  *Branch v. Tunnell*, 14 F.3d 449, 453-54 (9th Cir. 1994).

Excess Policy contains the same policy period as the Primary Policy.

Section II.A of the Primary Policy provides, in pertinent part, that:

> [w]e may investigate and settle any claim or "suit" as we consider appropriate. **Our duty to defend and settle ends when the Liability Coverage Limit of Insurance has been exhausted by payment of judgments or settlements**. (Bold added.) (See Complaint at pg. 5, ¶ 20 and Exhibit 1 to RFJN.)

Section II.C of the Primary Policy defines "Limit of Insurance" as:

> Regardless of the number of covered autos, "insureds," premiums paid, claims made or vehicles involved in the "accident," the most we will pay for the total of all damages … combined, resulting from any one "accident" is the limit of insurance for liability coverage as shown in the declarations. (See Exhibit 1 to RFJN.)

All "bodily injury", "property damage" . . . resulting from continuous or repeated exposure to substantially the same conditions will be considered as resulting from one "accident." (See Exhibit 1 to RFJN.)

The Excess Policy written by Gulf contains a follow form endorsement. Its defense provision is found in endorsement CU49262, which provides:

> [W]e will have the right, but not the duty, to participate in the defense of claims or suits against you seeking damages to which this insurance may apply; however, we may at our discretion, investigate and settle any claim or suit. We will have the right and duty to defend such claims when the total amount of insurance as outlined in Section II.B of the declarations has been exhausted by payment of judgments, settlements, and any costs or expense subject to such limit. **Our right and duty to defend ends when the applicable limit shown on the declarations page has been used up** by our payment of judgments or

///

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA  90071-2901
TEL (213) 688-0080 • FAX (213) 622-7594

settlements. (Bold added.) (See Complaint at pg. 7, ¶ 25 and Exhibit 2 to RFJN.)

Defendants, The Travelers Indemnity Company and The Travelers Companies, Inc. did not issue any policies to Pro Transportation. However, The Travelers Indemnity Company is the successor in interest by merger to Gulf Insurance Company, the entity that issued the Primary Policy.

### B. The Accident

Pro Transportation provides, among other services, van transportation services to handicapped and wheelchair bound passengers. One of these passengers was Mercedes Patoc. On or about March 16, 2005, Pro Transportation was transporting Ms. Patoc, who was seated in a wheelchair. The wheelchair fell over backwards causing Ms. Patoc to strike her head. (Complaint at pg. 10, ¶ 35.) Ms. Patoc was hospitalized, subsequently lapsed into a coma and eventually died on March 20, 2006.

### C. The First Lawsuit

On August 17, 2005, Ms. Patoc, through her son Elwyn Patoc acting as a durable power of attorney, filed suit against Pro Transportation and the driver of the van, Delia Rodriguez ("Rodriguez") in the Superior Court of California, County of Monterey action styled *Mercedes Patoc v. Pro Transportation Services, Inc., et al.*, Case No. M75716 ("the First Lawsuit"). (A copy of the Complaint in the First Lawsuit is attached as Exhibit 3 to RFJN.)

The Complaint in the First Action alleged causes of action for Negligence and Motor Vehicle based on the allegations that on March 16, 2006, Mercedes Patoc, who was in a wheelchair, was being transported in a van by Pro Transportation and that as the van moved away, the wheel chair tipped backwards causing Mercedes Patoc to strike her head with great force. (See Exhibit 3 to RFJN at pg. 4).

///

///

The First lawsuit was settled in December 2005, with the payment of the Policy Limits of $500,000 from the Primary Policy, $500,000 from the 1st Excess Policy and $1,000,000 from the 2nd Excess Policy. (See Complaint at pg. 10, ¶ 36.)

### D. The Second Lawsuit

On June 30, 2006, after Ms. Patoc died, the heirs of Ms. Patoc, including her son Elwyn, filed a wrongful death lawsuit against Pro Transportation and Rodriguez, in the action styled *Elwyn Patoc, et al. v. Pro Transportation Services, Inc., et al.*, Monterey County Superior Court Case No. M79820 (the "Second Lawsuit"). (A copy of the complaint in the Second Lawsuit is attached as Exhibit 4 to RFJN.)

Like in the First Lawsuit, the Complaint in the Second Lawsuit alleged that on March 16, 2006, Mercedes Patoc, who was in a wheelchair, was being transported in a van by Pro Transportation and that while being transported, the wheel chair tipped backwards causing Mercedes Patoc to strike her head with great force. (See Exhibit 4 to RFJN at pg. 2, ¶7.)

In September 2007, a settlement of the Second Lawsuit was entered into in which Pro Transportation stipulated to a judgment in the amount of $1,000,000, with a covenant not to execute and an assignment of rights. (See Complaint at pg. 11, ¶ 44.) Plaintiffs then filed the instant action pursuant to Insurance Code Section 11580 and the assignment of rights.

### III. LEGAL ARGUMENT

Federal Rules of Civil Procedure Rule 12(b)(6) authorizes defendants to bring a motion to dismiss for "failure to state a claim upon which relief may be granted." An action may be dismissed on the pleadings pursuant to FRCP 12(b)(6). If the pleadings establish facts compelling a decision one way, that is as good as if depositions and other expensively obtained evidence on summary judgment establishes the identical facts." *Weisbuch v. County of Los Angeles,* 119 F.3d 778, 783, fn. 1 (9th Cir. 1997)

A. **This Action Against Gulf Underwriters And Travelers Should Be Dismissed Because The Policy Limits Of the Primary And 1st Excess Policies Were Exhausted In Settlement of the First Lawsuit**

In the case at bar, Plaintiffs' Complaint establishes facts that compel that this action against Gulf Underwriters and Travelers be dismissed. As this Court is well aware, a Rule 12(b)(6) motion is similar to a common law general demurrer and tests the legal sufficiency of the pleading on its face. *Jablon v. Dean Witter & Co.* (9th Cir. 1980) 614 F.2d 677, 682. Further, as with demurrers, the Court and the parties must accept the allegations of the complaint as true for purposes of this motion. *Williford v. California* (9th Cir. 1965) 352 F.2d 474; *McCalden v. California Library Ass'n* (9th Cir. 1990) 955 F.2d 1214. Thus, this Court must accept the following facts alleged in the Complaint as true for purposes of this motion:

- The Primary Policy had "per accident" single limit of liability of $500,000. (Complaint at pg. 4, lines 16-17)
- The 1st Excess Policy had "per accident" single limit of liability of $500,000. (Complaint at pg. 6, lines 9-10)
- The Policy Limit of the Primary Policy, $500,000, was paid in settlement of the First Lawsuit. (Complaint at pg. 10, lines 8-10)
- The Policy Limit of the 1st Excess Policy, $500,000, was paid in settlement of the First Lawsuit. (Complaint at pg. 10, lines 10-11)
- The Primary Policy states that "Our duty to defend or settle ends when the Liability Coverage Limit of insurance has been exhausted by payment of judgments or settlements." (Complaint at pg. 5, lines 12-20)
- The 1st Excess Policy states that "Our right and duty to defend ends when the applicable limits shown on the Declarations page has been

/ / /

used up by payment of judgments or settlements." (Complaint at pg. 7, lines 2-12)

- The Second Lawsuit was not filed until after the First lawsuit had been settled and the Policy Limits of the Primary and 1st Excess Policies had been paid. (Complaint at pg. 10, ¶¶ 36-38)

- Both the First Lawsuit and the Second Lawsuit seek damages arising out of the accident that occurred on March 16, 2005 when Mercedes Patoc's wheelchair fell over backwards causing her to strike her head. (Complaint at pg. 9, ¶ 34 through pg. 10 ¶ 39.)

As demonstrated by the factual allegations of the Complaint, the Policy Limits of the Primary Policy and the 1st Excess Policy were paid to settle the First Lawsuit and any duty to defend or settle ended when those Policy Limits were exhausted.

Exhaustion of a policy's limits by settlement terminates a duty to defend, even where subsequent claimants surface in connection with the litigation of the same accident. *Insurance Co. of State of Pennsylvania v. Central Garden and Pet Co.*, 2006 WL 3734640 (N.D. Cal. 2006); *Johnson v. Continental Insurance Companies*, 202 Cal.App.3d 477, 486 (1988).

In *Insurance Co. of State of Pennsylvania,* like here, the policy provided that the insurer "will not defend any claim or suit after the applicable Limits of Insurance have been exhausted by payment of judgments or settlements." *Id.* at *6. In granting summary judgment in favor of the insurer, the court in *Insurance Co. of State of Pennsylvania* held:

> If, as here, an insurance policy expressly provides that the duty to defend terminates upon exhaustion of policy limits, and the insurer pays out its policy limits in the payment of settlements or judgments (as opposed to "tendering its limits" to a court in a ploy to exhaust a policy before a settlement or judgment is entered), the insurer's defense

obligations extinguish, and an insurer is entitled to withdraw from the defense of claims."

*Id.* at *7.

In *Johnson, supra*, Martha Johnson sustained injuries in a vehicle accident. At the time of the accident, she was insured by Continental. Shortly after the accident, her attorney conveyed a demand by two of the claimants, two of the passengers in her vehicle, for the policy limits demand. Other individuals were subsequently included. Settlements were paid which exhausted the policy limits. Thereafter, Johnson filed suit together with two of her passengers, against Ford, a tire retailer, and others involved in the accident. Defendants in this lawsuit filed cross-complaints against Johnson and Johnson tendered the defense of the cross-complaints to Continental. Continental declined to defend Johnson citing the exhaustion of the limits. *Id.* at 480.

Continental's policy provided in pertinent part that "we are not obligated to: (a) pay any claim or judgment; or (b) defend any claim or lawsuit; when our payments have reached the limits of coverage." The limits of coverage were shown as $50,000 for the liability coverage and were paid in settlement of the initial claims. Accordingly, the judgment in favor of Continental finding no duty to defend the subsequent lawsuit was affirmed. *Id.* at 486.

Here, like in *Insurance Co. of State of Pennsylvania* and *Johnson,* the exhaustion of the Policy Limits by settlement of the First Lawsuit terminates any duty to defend or settle the Second Lawsuit. Thus, Plaintiffs' cannot prevail on their action against Gulf Underwriters and Travelers seeking benefits under the Primary and 1st Excess Policies for the stipulated judgment entered in the Second Lawsuit.

/ / /
/ / /
/ / /
/ / /

### B. Defendants The Travelers Companies, Inc. Erroneously Named Herein As The Traveler's Company, Inc. And The Travelers Indemnity Company Did Not Issue The Policies And The Claims Against These Entities Should Be Dismissed

The Travelers Companies, Inc. erroneously named herein as The Traveler's Company, Inc. and The Travelers Indemnity Company did not issue the insurance policies in question. (See Complaint at pg. 4, ¶ 14 and pg. 6, ¶ 6.) Gulf Insurance Company[3] issued the Primary Policy and Gulf Underwriters issued the 1st Excess Policy.

It is well established that only the party that issues an insurance policy can be liable for claims arising out of an alleged breach of the policy. *See Schewe v. USAA Cas. Ins. Co.*, 2007 WL 2174588 (E.D. La. 2007) at *5, (granting motion to dismiss in case filed against parent insurance company when parent corporation was not a party to the insurance contract and correct defendant was a subsidiary of the parent corporation); *See also Hamrick v. Nationwide Ins. Co.*, No. 1:01CV157-C, 2001 WL 1661664, at *1 (W.D.N.C. Dec. 12, 2001) (dismissing case where plaintiff "sued and served the wrong defendant, *i.e.,* Nationwide Insurance Company instead of Nationwide *Life* Insurance Company") (emphasis in original); *Goode v. Nationwide Mut. Ins. Co.*, No. 3:96-CV-2631-D, 1997 WL 75237, at *3-4 (N.D. Tex. Feb. 13, 1997) (granting defendant's motion to dismiss and awarding fees because insurance policy was issued by a separate Nationwide subsidiary); *see also Emerald Bay Community Ass'n v. Golden Eagle Ins. Corp.*, 130 Cal. App. 4th 1078, 1092, 31 Cal. Rptr. 3d 43, 54 (2005) ("Federal was not a party to the insurance policy defendant issued to plaintiff, and generally, only a party to the contract may sue for breach of

---

[3] The Travelers Indemnity Company is the successor in interest by merger to Gulf Insurance Company.

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071-2901
TEL (213) 688-0080 • FAX (213) 622-7594

the agreement's terms."). As demonstrated by the allegations of the Complaint, Plaintiffs have no viable claims against The Travelers Companies, Inc. erroneously named herein as The Traveler's Company, Inc. and The Travelers Indemnity Company, because these entities did not issue any policy to Pro Transportation. Thus, the claims asserted against these entities should be dismissed.

## IV. CONCLUSION

Accordingly, for the reasons stated herein, the Court should grant the Motion to Dismiss the action against defendants Gulf Underwriters Insurance Company ("Gulf Underwriters"), The Travelers Indemnity Company, on behalf of itself and as successor in interest by merger to Gulf Insurance Company ("Travelers"), and The Travelers Companies, Inc., ("The Travelers Companies"), erroneously named herein as The Traveler's Company, Inc. Additionally, in the alternative, the Court should dismiss all claims against The Travelers Companies, Inc. erroneously named herein as The Traveler's Company, Inc. and The Travelers Indemnity Company.

DATED: April 15, 2008                ANDERSON, McPHARLIN & CONNERS LLP


By: /s/ David J. Billings
    David T. DiBiase
    David J. Billings
Attorneys for Defendants GULF UNDERWRITERS INSURANCE COMPANY, THE TRAVELERS INDEMNITY COMPANY, on its behalf and as successor in interest by merger to GULF INSURANCE COMPANY, and THE TRAVELERS COMPANIES, INC., erroneously named as defendant "THE TRAVELER'S COMPANY INC."

**DAVID T. DIBIASE (Bar No. 56883)**
  dtd@amclaw.com
**DAVID J. BILLINGS (Bar No. 175383)**
  djb@amclaw.com
**ANDERSON, McPHARLIN & CONNERS LLP**
**Thirty-First Floor**
**444 South Flower Street**
**Los Angeles, California  90071-2901**
**TELEPHONE: (213) 688-0080 ♦ FACSIMILE: (213) 622-7594**

**Attorneys for Defendants GULF UNDERWRITERS INSURANCE COMPANY, THE TRAVELERS INDEMNITY COMPANY, on its behalf and as successor in interest by merger to GULF INSURANCE COMPANY, and THE TRAVELERS COMPANIES, INC., erroneously named as defendant "THE TRAVELER'S COMPANY INC."**

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| ELWYN PATOC; ERIC PATOC; ELVY PATOC; EDWARD PATOC,<br><br>Plaintiffs,<br><br>vs.<br><br>LEXINGTON INSURANCE COMPANY; GULF UNDERWRITERS INSURANCE COMPANY; GULF INSURANCE COMPANY; THE TRAVELER'S COMPANY, INC.; THE TRAVELER'S INDEMNITY COMPANY; and DOES 1 – 100,<br><br>Defendants. | Case No. C08 01893 RMW<br><br>**[PROPOSED] ORDER RE: MOTION TO DISMISS**<br><br>*(Filed concurrently with Motion to Dismiss and Request for Judicial Notice)*<br><br>Action filed: April 9, 2008<br><br>Date:  **May 23, 2008**<br>Time:  **9:00 a.m.**<br>Place: **Courtroom 6** |

The Court, having considered the submissions of the parties, and good cause appearing therefore, the Court hereby **GRANTS** defendants Gulf Underwriters Insurance Company ("Gulf Underwriters"), The Travelers Indemnity Company, on behalf of itself and as successor in interest by merger to Gulf Insurance Company ("Travelers"), and The Travelers Companies, Inc. ("The Travelers Companies"), erroneously named herein as The Traveler's Company, Inc.'s Motion to Dismiss as follows:  all claims against defendants Gulf Underwriters Insurance Company

("Gulf Underwriters"), The Travelers Indemnity Company, on behalf of itself and as successor in interest by merger to Gulf Insurance Company ("Travelers"), and The Travelers Companies, Inc. ("The Travelers Companies"), erroneously named herein as The Traveler's Company, Inc., are hereby dismissed and those parties are dismissed from this action.

**IT IS SO ORDERED** that all claims against The Travelers Companies, Inc. erroneously named herein as The Traveler's Company, Inc. and The Travelers Indemnity Company are hereby dismissed and those parties are dismissed from this action.

DATED: May _____, 2008

_____
The Honorable Ronald M. Whyte
United States District Court Judge