BALL & ROBERTS
20 North Raymond Avenue, Suite 350
Pasadena, California 91103
Stephen C. Ball, Esq. – Bar No. 119463
Email: sball@pasadenalaw.com
John A. Roberts, Esq. – Bar No. 185314
Email: jroberts@pasadenalaw.com
Telephone:   (626) 793-2117
Facsimile:   (626) 793-3198

DENISE JARMAN – Bar No. 88650
102 E Street
Davis, California 95616
Telephone:   (916) 607-5692
Facsimile:   (866) 715-4630
Email: jarmandenny@yahoo.com
Attorneys for Plaintiffs Elwyn Patoc, Eric Patoc, Elvy Patoc, Edward Patoc

UNITED STATE DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| ELWYN PATOC, ERIC PATOC, ELVY PATOC, EDWARD PATOC<br><br>Plaintiffs,<br><br>v.<br><br>LEXINGTON INSURANCE COMPANY, et al.,<br><br>Defendants. | CASE NO.:  C08 01893 RMW<br><br>**DECLARATION OF JOHN A. ROBERTS IN SUPPORT OF PLAINTIFFS' OPPOSITION TO LEXINGTON INSURANCE COMPANY'S MOTION TO DISMISS**<br><br>Date:  May 23, 2008<br>Time:  9:00 a.m.<br>Place:  Courtroom 6<br>Judge: Ronald M. Whyte |
|---|---|

DECLARATION OF JOHN A. ROBERTS

I, JOHN A. ROBERTS, declare and state as follows:

1.   I am an attorney at law licensed to practice before all of the Courts of the State of California. I am a partner in the firm of Ball & Roberts, co-attorneys of record for the plaintiffs in this matter. I have personal knowledge of the facts stated herein and could and would competently testify thereto.

---
1
DECLARATION OF JOHN A. ROBERTS IN SUPPORT OF
PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS

2. During the pendency of the underlying wrongful death matter and prior to filing the instant complaint, I had communications with Lexington's prior counsel. I was also sent copies of the Lexington policy at issue and later the claims and underwriting file for the underlying lawsuits with certain portions redacted. After reviewing the policy and other documents, I was unable to confirm that plaintiffs had the entire, complete excess policy. A note contained in the Excess Claims Notes I received also raised a question of whether we had received the entire policy.

3. Attached as Exhibit A to this Declaration is a copy of an Excess Claims Note (Bates Labeled LEX-000704) from the claims and underwriting materials previously sent to me by Lexington's prior counsel, McCormick & Barstow, LLP, on February 8, 2008. This page references an internal note by a Lexington employee that states that "the policy . . . sent to me appears to be missing the CGL Liability coverage part."

I declare under penalty of perjury that the foregoing is true and correct. Executed this 2nd day of May, 2008 within the United States.

_____
JOHN A. ROBERTS

EXHIBIT "A"


I spoke to Belinda Wagner. She has a copy of the lawsuit (courtesy copy) as the suit has not been served. She is furnishing me with a copy of same. She reports it ispretty generic in nature. Belinda is working on geting the meds from the rehab. hospital. GL was noticed, but we have not heard anything. Of note, the policy that Mike Gramm sent to me appears to be missing the CGL Liability coverage part. Belinda knows the form is and it has an auto exclusion that is standard ISO language. I spoke to Bill Eddows and he feels that as long as the loss arose from the auto that we can't get the gl in. It is CG 00 01 07 98. I will continue to investigate this.

———————— End of note ————————

| | | |
|---|---|---|
| **Branch** | : 30 | |
| **Case** | : 193203 | *Draft* |
| **Written By** | : Foley, Daniel | |
| **Claimant Name** | : Mercedes Patoc | |
| **Insured Name** | : PRO TRANSPORTATION | |
| **Note Title** | : CONFERENCE/REVIEW | |
| **Created** | : 10/03/2005 2:38PM | |
| **Printed** | : 09/13/2007 10:23AM | |

Status:

Coverage


I am attempting to confirm ownership of the bus and potential additional coverage if it is no towned by the insured. Is the GL applicable? The business was sold post loss. Does the buyer succeed to pre sale liabilities?

Liability:

Damages:

What is Patoc's current and future prognosis.

In summary:

I believe that the insured had a contract with San Andreas Regional Center (the hospital/dialysis center) to provide para transit services to its patients. The primary has requested a copy of the contract and I will obtain it. There was a certificate of insurance provided to SARC by the primary, but it makes no mention of Lex. Further, SARC is not a named insured on the primary, excess or Lex. policies. I have not yet been advised of a formal claim agaisnt SARC and they have not contacted anyone. Given the nature of this claim, I will try to determine if the insured has any indemnity or other obligations to SARC and/or if SARC qualifies as an insured under teh Lex. policy. I will review with Bill Eddows and Mike Gramm, the underwriter.

The independent who investigated the bus and secured the straps provided that that the subject straps were properly secured to the floor of the bus (metal floor

LEX-000704

3

# PROOF OF SERVICE

*Elwyn Patoc, et al., v. Lexington Insurance Company, et al.,*
**UNITED STATES DISTRICT COURT NOTHERN DISTRIC OF CALIFORNIA
SAN JOSE DIVISION
C08 01893 RMW**

I am employed by BALL & ROBERTS in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 20 North Raymond Avenue, Pasadena, California 91103

On May 2, 2008, I served the foregoing document(s) described as DECLARATION OF JOHN A. ROBERTS IN SUPPORT OF PLAINTIFFS' OPPOSITION TO LEXINGTON INSURANCE COMPANY'S MOTION TO DISMISS on the interested parties in this action as stated on the attached service list as follows:

☑ By placing true copies thereof enclosed in sealed envelope(s) addressed as stated on the attached service list.

☐ BY HAND DELIVERY/PERSONAL SERVICE (CCP §§1011,et seq.): I caused said document(s) to be personally delivered by a courier to each addressee.

☑ BY MAIL (CCP §1013(a)&(b)):

I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice such envelope(s) would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at 20 North Raymond Avenue, Pasadena, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ BY FEDERAL EXPRESS (CCP §1013(c)&(d) ):

I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing via Federal Express. Under that practice such envelope(s) would be deposited at an authorized Federal Express "drop off" box on that same day with delivery fees fully provided for at 20 North Raymond Avenue, Pasadena, California, in the ordinary course of business.

☑ BY ELECTRONIC SUBMISSION: I caused such document to be submitted electronically to the United State District Court-Northern District to be posted to the website with notice give to tall parties that document was served.

Executed on May 2, 2008 at Pasadena, California.

☐ **(STATE)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☑ **(FEDERAL)** I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Maria Blanco

4
DECLARATION OF JOHN A. ROBERTS IN SUPPORT OF PLAINTIFFS' OPPOSITION TO LEXINGTON INSURANCE COMPANY'S MOTION TO DISMISS

## **ATTACHED SERVICE LIST**

| | |
|---|---|
| Kevin G. McCurdy<br>Elisabeth H. Baum<br>McCurdy & Fuller, LLP<br>4300 Bohannon Drive<br>Suite 240<br>Menlo Park, CA 94025<br>Tel: (650) 618-3500<br>Fax: (650) 618-3599<br>Email: kevin.mccurdy@mccurdylawyers.com<br>Email: elisabeth.baum@mccurdylawyers.com<br>ATTORNEY FOR DEFENDANT<br>LEXINGTON INSURANCE COMPANY | David T. Dibiase<br>David J. Billings<br>Anderson, McPharlin & Conners, LLP<br>Thirty-First Floor<br>444 South Flower Street<br>Los Angeles, CA 90071<br>Tel: (213) 688-0080<br>Fax: (213) 622-7594<br>Email: dtd@amclaw.com<br>Email: djb@amclaw.com<br>ATTORNEY FOR DEFENDANTS<br>GULF UNDERWIRTERS INSURANCE COMPANY and THE TRAVELERS INDEMNITY COMPANY, successor in interest by merger to Gulf Insurance Company |

5
DECLARATION OF JOHN A. ROBERTS IN SUPPORT OF PLAINTIFFS' OPPOSITION TO LEXINGTON INSURANCE COMPANY'S MOTION TO DISMISS