**DAVID T. DIBIASE (Bar No. 56883)**
  dtd@amclaw.com
**DAVID J. BILLINGS (Bar No. 175383)**
  djb@amclaw.com
**ANDERSON, McPHARLIN & CONNERS LLP**
**Thirty-First Floor**
**444 South Flower Street**
**Los Angeles, California 90071-2901**
**TELEPHONE: (213) 688-0080 ♦ FACSIMILE: (213) 622-7594**

**Attorneys for Defendants GULF UNDERWRITERS INSURANCE COMPANY, THE TRAVELERS INDEMNITY COMPANY, on its behalf and as successor in interest by merger to GULF INSURANCE COMPANY, and THE TRAVELERS COMPANIES, INC., erroneously named as defendant "THE TRAVELER'S COMPANY INC."**

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| ELWYN PATOC; ERIC PATOC; ELVY PATOC; EDWARD PATOC,<br><br>Plaintiffs,<br><br>vs.<br><br>LEXINGTON INSURANCE COMPANY; GULF UNDERWRITERS INSURANCE COMPANY; GULF INSURANCE COMPANY; THE TRAVELER'S COMPANY, INC.; THE TRAVELER'S INDEMNITY COMPANY; and DOES 1 – 100,<br><br>Defendants. | Case No. C08 01893 RMW<br><br>**DEFENDANTS GULF UNDERWRITERS INSURANCE COMPANY, THE TRAVELERS INDEMNITY COMPANY AND THE TRAVELERS COMPANIES, INC.'S REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS**<br><br>Date:  May 23, 2008<br>Time:  9:00 a.m.<br>Crtrm.: 6<br><br>Action filed: April 9, 2008 |

Defendants Gulf Underwriters Insurance Company ("Gulf Underwriters"), The Travelers Indemnity Company, on behalf of itself and as successor in interest by merger to Gulf Insurance Company ("Travelers"), and The Travelers Companies, Inc. ("The Travelers Companies"), erroneously named herein as The Traveler's Company, Inc. hereby submit their Memorandum of Points and Authorities in Reply to Plaintiffs' Opposition to Gulf Underwriters Motion to Dismiss.

/ / /

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Plaintiffs' argument that there were two "accidents" is factually and legally without merit.  First, Plaintiffs' Complaint does not allege that there were two "accidents," it speaks only of one accident, "the March 16, 2005 accident."  (See Complaint at pg. 10, ¶ 13.)  There are no allegations in the Complaint of a second "accident."

Second, contrary to Plaintiffs' Opposition, the Second Lawsuit did not allege two separate "accidents."  The allegations of the First lawsuit and the Second Lawsuit as respects the "accident" are the same.  Both Lawsuits allege that Ms. Patoc struck her head and that the driver failed to seek medical attention or notify anyone of the incident.  See Exhibit 3 to RFJN at pg. 66 where the Complaint in the First Lawsuit alleges "the driver failed to contact any medical personnel with regard to this incident and further failed to inform anyone of Plaintiff's fall."

Lastly, the "cause" test does not support Plaintiffs' contention that there were two "accidents."  Application of the "cause" test demonstrates that there was only one "accident."

## II.   LEGAL ARGUMENT

### A.   There Was Only One "Accident"

The first step in interpreting a contract is to look to the terms of the contract. The parties' intent is to be gleaned solely from the written provisions of the contract. *Montrose Chem. Corp. v. Admiral Ins. Co.,* 10 Cal.4th 645, 666, 42 Cal.Rptr.2d 324 (1995). The Primary Policy at issue, which the 1st Excess Policy follows form, specifically defines "accident" as follows:

> "Accident" includes continuous or repeated exposure to the same conditions resulting in "bodily injury" or "property damage."

/ / /

/ / /

679461.1 2985.421

2

C08 01893 RMW

DEFTS GULF UNDERWRITERS INS. CO., THE TRAVELERS INDEMNITY CO. & THE TRAVELERS COMPANIES, INC.'S REPLY TO PLTFS' OPPOSITION TO MOTION TO DISMISS

ANDERSON, MCPHARLIN & CONNERS LLP
LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071-2901
TEL (213) 688-0080 • FAX (213) 622-7594

When the Policy definition of "accident" is applied to the facts, there is but one conclusion, that there was only one "accident" alleged in the underlying lawsuits and in the Complaint at bar.

The fact that Ms. Patoc fell and struck her head exposed her to the conditions that resulted in "bodily injury." The allegations that the driver failed to seek medical attention or inform anyone of the incident are not independent causes-in-fact of the injuries sustained by Ms. Patoc. If you take away the fact that Ms. Patoc fell and hit her head, it is axiomatic that there was no exposure to "bodily injury" by the driver's failure to seek medical attention or inform anyone of the incident. Thus, Plaintiffs' argument that there were two separate "accidents" that "caused" injury is without merit.

According to Plaintiffs' Opposition, there is one "accident" for every theory of liability a plaintiff may assert.[1] However, this is not the law and more importantly not how the Primary Policy defines the term "accident."

The precedent cited in support of Plaintiffs' Opposition is, by most parts, not applicable because it pertains to the undefined term "occurrence" and/or is non-binding authority.

For example, Plaintiffs' reliance on *H.E. Butt Grocery Co. v. National Union Fire Ins. Co. of Pittsburgh, PA,* 150 F.3d 526 (1998) is misplaced. First, the court in *H.E. Butt Grocery Co.* relied on Texas law, not California law. Second, the outcome of *H.E. Butt Grocery Co.* hinged on the meaning of the term "occurrence" in connection with two independent acts of sexual molestation committed by an employee on two different children, on two different dates. *Id.* at 529. Lastly,

---

[1] It should be noted that the driver's failure to seek medical attention is not a separate basis of liability as Plaintiffs' Opposition contends at page 5, lines 21-24. If Ms. Patoc does not fall and hit her head, there cannot be any so-called *separate* liability for the driver's failure to seek medical attention.

679461.1 2985.421

3   C08 01893 RMW
DEFTS GULF UNDERWRITERS INS. CO., THE TRAVELERS INDEMNITY CO. & THE TRAVELERS COMPANIES, INC.'S REPLY TO PLTFS' OPPOSITION TO MOTION TO DISMISS

1  statements by the court in *H.E. Butt Grocery Co.* support the fact that there was only
2  one "accident" in the case at bar, i.e. "the court cannot look past the immediate cause
3  of damage for purposes of the insurance policy"; and "[t]he claims of negligence are
4  not independent causes-in-fact of the injuries." *Id.* at 531.  Here the immediate
5  cause of damage was Ms. Patoc striking her head when she fell.  The failure to seek
6  medical attention was not the immediate cause of Ms. Patoc's injuries.
7      The sole California case cited by Plaintiffs, *Flintkote Co. v. General Acc.*
8  *Assur. Co.*, 410 F.Supp.2d 875 (N.D. Cal. 2006), involved the interpretation of the
9  term "occurrence" in connection with asbestos related claims.  Although not directly
10 on point, *Flintkote Co.* lends support to finding that there was only one "accident" in
11 the case at bar.  Quoting *In re Prudential Lines, Inc.,* 158 F.3d 65 (2nd Cir. 1998),
12 the court in *Flintkote Co.* stated:

> The common thread running through the California cases is that an "occurrence" or "accident" is associated with the time of injury. This leads to the conclusion that the "cause" of injury which determines the number of occurrences undoubtedly refers to the *immediate* rather than the remote cause of injury . . ." [Italics added]

18 *Id.* at 892.
19     In the case at bar, the immediate cause of Ms. Patoc's injury was when she fell
20 and struck her head.  This was the only "accident."  The argument that there was
21 another accident when the driver failed to seek medical attention has been rejected
22 by the California courts.
23     In *Gilmer v. State Farm Mut. Auto Ins. Co.,* 110 Cal.App.4th 416, 1
24 Cal.Rptr.3d 756, (2003), *affirmed on other grounds,* the trial court addressed and
25 rejected the same argument that Plaintiffs make here, i.e. that the failure to
26 immediately seek medical attention after an auto accident was a second accident.  In
27 *Gilmer*, the plaintiff was injured when he fell in a motorhome being driven by David
28 Nave.  Instead of immediately seeking medical attention, Shirley Schnell took over

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071-2901
TEL (213) 688-0080 • FAX (213) 622-7594

1  the wheel and drove the motorhome to the plaintiff's home, resulting in movement
2  of the unstable fracture of the spine and causing paralysis. *Id.* 418-419.  The trial
3  court rejected the Plaintiff's argument that there were two accidents, one accident
4  when the driver slammed on the brakes causing him to fall, and another accident
5  when Ms. Schnell drove him home rather than seeking immediate medical attention.
6     As demonstrated by the facts alleged in Plaintiffs' Complaint, the applicable
7  policy provisions and precedent, Plaintiffs' Complaint fails to state a claim upon
8  which relief can be granted because the Limits of Liability have been exhausted.
9  Accordingly, the Motion to Dismiss should be granted.

   **B.   The Travelers Companies Inc. And The Travelers Indemnity Company's Are Not Proper Defendants**

12     Contrary to Plaintiffs' Opposition, the Complaint does not name "The
13 Travelers Companies, Inc."  The caption of the Complaint and the Summons clearly
14 identify the entity as "The Traveler's Company, Inc."  There is no identification of
15 "The Travelers Companies Inc." in the caption of the Complaint or in the Summons.
16 However, rather than dwell on this and Plaintiffs' sloppy pleading, the point of this
17 portion of the Motion to Dismiss is to get the proper entities before the Court.  The
18 proper entities are: 1) The Travelers Indemnity Company as successor in interest by
19 merger to Gulf Insurance Company; and 2) Gulf Underwriters Insurance Company.
20     Plaintiffs' contention that The Travelers Companies, Inc. is somehow trying to
21 stick them with an uncollectible judgment is absurd.  First, as set forth herein above,
22 no policy benefits are due.  Second, even if they were, (which they are not), they
23 would be paid.  How quick Plaintiffs are to forget that $1,000,000 has already been
24 paid.
25     The bottom line is that the Complaint alleges that Gulf Insurance Company
26 and Gulf Underwriters Insurance Company issued two of the three insurance

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071-2901
TEL (213) 688-0080 • FAX (213) 622-7594

policies at issue in the action.[2]  The law holds that only the party that issues an insurance policy can be liable for claims arising out of an alleged breach of the policy.  *See Schewe v. USAA Cas. Ins. Co.*, 2007 WL 2174588 (E.D. La. 2007).  Thus, the proper parties are "The Travelers Indemnity Company as successor in interest by merger to Gulf Insurance Company" and "Gulf Underwriters Insurance Company." All other erroneously named defendants should be dismissed.

### C. Leave To Amend Should Not Be Granted

Leave to amend should be denied where "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distributing Co. v. Serv-Well Furniture Co., Inc.,* 806 F.2d 1393, 1401 (9th Cir. 1986).  Plaintiffs' Opposition does not offer up any explanation of what additional facts could be alleged that could cure the deficiency.  The underlying facts of the accident are clearly set forth in the complaints in the First and Second Lawsuits and they are reiterated in Plaintiffs' Complaint in this action.  There is nothing more that Plaintiffs can add to their Complaint that will cure the fact that there was only one "accident" and that the policy limits were paid in connection with the "accident."  Accordingly, leave to amend should not be granted.

### III. CONCLUSION

For the foregoing reasons, the Court should grant, without leave to amend, the Motion to Dismiss.  Additionally, in the alternative, the Court should dismiss all

///
///
///
///

---

[2] The Complaint alleges that the 3rd insurance policy was issued by defendant Lexington Insurance Company.

679461.1 2985.421

6                                                  C08 01893 RMW
DEFTS GULF UNDERWRITERS INS. CO., THE TRAVELERS INDEMNITY CO. & THE TRAVELERS COMPANIES, INC.'S REPLY TO PLTFS' OPPOSITION TO MOTION TO DISMISS

claims against The Travelers Companies, Inc. erroneously named herein as The Traveler's Company, Inc. and The Travelers Indemnity Company.

DATED: May 8, 2008                    ANDERSON, McPHARLIN & CONNERS LLP

By: _____
David T. DiBiase
David J. Billings
Attorneys for Defendants GULF UNDERWRITERS INSURANCE COMPANY, THE TRAVELERS INDEMNITY COMPANY, on its behalf and as successor in interest by merger to GULF INSURANCE COMPANY, and THE TRAVELERS COMPANIES, INC., erroneously named as defendant "THE TRAVELER'S COMPANY INC."

679461.1 2985.421

7                                    C08 01893 RMW

DEFTS GULF UNDERWRITERS INS. CO., THE TRAVELERS INDEMNITY CO. & THE TRAVELERS COMPANIES, INC.'S REPLY TO PLTFS' OPPOSITION TO MOTION TO DISMISS